While I concur with the decision rendered by the majority, I write separately to expound upon my reasons for doing so in light of our recent decision in State v. Gales (2001), 143 Ohio App.3d 55 as it pertains to appellant's first and fourth assignments of error.
Despite attempts by appellant to draw similarities between the instant case and Gales, the two cases are distinguishable. In Gales, we found the affidavit supporting the search warrant insufficient to find probable cause to search the residence of the defendant when the purported drug transactions between the confidential reliable informant (CRI) and the affiant did not occur at that residence nor was there sufficient reason averred to suggest that any such activity recently occurred at the residence.
Unlike Gales, the affiant in this case observed activity believed to be drug related occur at the residence that was the subject of the search warrant. In particular, the affiant observed moderate pedestrian and vehicular traffic entering the premises and exiting soon thereafter as well as the transaction involving the CRI, which the affiant believed to be indicative of drug trafficking. Consequently, there was sufficient factual support warranting the issuance of a search warrant for the search of the residence in this case.
As to the issue of whether the identity of the CRI should have been disclosed, Gales reaffirms that a CRI's identity is crucial when the testimony of the informant is necessary to establish an element of the crime or when beneficial to the accused's defense. See State v. Williams (1983), 4 Ohio St.3d 74, syllabus. Such is the case when there are no witnesses to the transaction other than the CRI. State v. Phillips (1971), 27 Ohio St.2d 294, 299-300.
Unlike Gales, however, the affiant in this case observed the CRI enter into what he perceived to be a drug transaction on the porch of the residence and the affiant subsequently testified consistent with that averment. Having distinguished Gales from the instant case, I concur with the majority as to its disposition of assignments of error one and four as well as the remaining assignments of error.